IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDMUND JACEK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-23-2378 |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant United States of America's Motion to Dismiss (ECF No. 23). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion.

### I.   BACKGROUND[1]

**A.  Factual Background**

Plaintiff Edmund Jacek is the owner of a 2003 Cadillac Seville STS Vin # 1G6KY54963U141503 ("the car"). (Compl. ¶ 1, ECF No. 6). On or about July 16, 2020, Aberdeen Proving Ground ("APG") Police Officers arrested Jacek during a traffic stop and took custody of Jacek's car and possessions as part of an investigation of the traffic stop. (Id. ¶¶ 5–6). Following the traffic stop, APG Police transported Jacek to the Harford County Detention Center for processing of an unrelated open arrest warrant and towed

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 6) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Jacek's car "from an Edgewood Area base to a secured impound lot at an Aberdeen Area base." (Id. ¶¶ 6–7). In August 2020, while Jacek was in custody at the Harford County Detention Center, he received a notice to appear in court at APG to stand trial for traffic and trespass charges. (Id. ¶¶ 7–8). Jacek's family members made several inquiries to the APG legal and police departments on Jacek's behalf to inform them of Jacek's incarceration and to request return of his car and possessions. (Id. ¶ 8).

In September 2020, Individual Defendant Rykiel applied for, was granted, and executed a search warrant on Jacek's car. (Id. ¶¶ 9–10). Rykiel took photos of the car, which included photos of possessions in the trunk of the car, and completed a DA Form 4137 (inventory form), though he did not mark the items in the trunk on that form. (Id. ¶ 10). Rykiel stored electronics and $1,650 in cash found in the car in APG's property room, but he did not remove or store other items from the trunk (including sports memorabilia, clothing, and shoes). (Id. ¶¶ 10–12). On or about October 14, 2020, Individual Defendants Rykiel, Darabasz, and Young discarded these items from the trunk of Jacek's car and removed the car to Thompson Towing Service Lot. (Id. ¶ 12). On December 18, 2020, Rykiel certified and signed MDOT Form CS-078 that certified to Thompson Towing that legal notice was provided to Jacek about the car's removal, and that Thompson Towing could legally sell or dismantle the car. (Id. ¶ 15). Jacek alleges that he never received any notice of the removal of his car to the towing lot. (Id. ¶¶ 12–14).

In November 2021, APG police returned the $1,650 in cash to Jacek. (Id. ¶ 17). On February 24, 2022, Jacek stood trial at the U.S. Magistrate Court in APG, where he pled guilty to reckless driving charges and was required to pay a $300 fine; all other charges

against him stemming from the July 2020 traffic stop were dismissed; and the seized electronics were returned to him. (Id. ¶ 18). On March 9, 2022, Jacek demanded the return of his car and the remaining possessions from the car's trunk. (Id. ¶ 19). He was informed that the car was no longer in APG's possession and that the belongings in the trunk of the car were discarded. (Id.). Jacek alleges that the Individual Defendants wrongfully detained and discarded Jacek's car and possessions and falsified the MDOT Form CS-078. (Id. ¶ 20).

### B. Procedural Background

Jacek filed suit against the Individual Defendants in the District Court of Maryland for Harford County on July 9, 2023, bringing claims for detinue, wrongful detention, and fraud. (Id. ¶¶ 21–35). The Individual Defendants removed the case to this Court on August 30, 2023. (Notice of Removal at 1–4, ECF No. 1).[2] The United States filed a Motion to Substitute Party that same day, (ECF No. 4), which the Court granted, (ECF No. 22). The United States, now the sole defendant in the case, filed a Motion to Dismiss on March 1, 2024. (ECF No. 23). Jacek filed an Opposition on March 7, 2024, (ECF No. 24), and the United States filed a Reply on March 21, 2024, (ECF No. 25).

---

[2] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

## II.    DISCUSSION

A.    **Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) requires a plaintiff to establish the Court's subject-matter jurisdiction by showing the existence of either a federal question under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. A plaintiff may establish federal question jurisdiction by asserting a claim that arises from a federal statute or from the U.S. Constitution. Fed.R.Civ.Proc. 12(b)(1). To show that the claim arises on one of these bases, the federal question must appear "on the face of the plaintiff's properly pleaded complaint." AES Sparrows Point LNG, LLC v. Smith, 470 F.Supp.2d 586, 592 (D.Md. 2007) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). However, when a party challenges subject-matter jurisdiction, the Court may consider "evidence outside the pleadings" to resolve the challenge. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (internal citation omitted).

A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as

true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction.

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject-matter jurisdiction by a preponderance of the evidence. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768. Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns, 585 F.3d at 192, and weigh the evidence, Adams, 697 F.2d at 1219.

The United States asserts that the doctrine of sovereign immunity bars Jacek's claim and deprives this court of jurisdiction. (Def.'s Mem. Supp. Mot. Dismiss ["Mot. Dismiss"] at 5–11, ECF No. 23-1)."Because waivers of sovereign immunity must be strictly construed, the plaintiff bears the burden of demonstrating jurisdiction and showing that none of the FTCA's exceptions appl[ies]." Wood v. United States, 845 F.3d 123, 127 (4th Cir. 2017). "Accordingly, because Plaintiff bears the burden of establishing the Court's subject matter jurisdiction, [he] also 'bears the burden of pointing to an unequivocal waiver

5

of immunity.'" Nabinett v. United States, No. JKB-20-1357, 2023 WL 3168353, at *4 (D.Md. Apr. 28, 2023) (quoting Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)).

**B.      Analysis**

The United States argues that the Complaint should be dismissed because the United States has not waived sovereign immunity for claims for the detention of goods or for claims of fraud. (Mot. Dismiss at 6–11). "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). Under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., Congress "waived the sovereign immunity of the United States for certain torts committed by federal employees" within the scope of their employment. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475, (1994)). "The FTCA, as a waiver of sovereign immunity, is strictly construed, and all ambiguities are resolved in favor of the sovereign." Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996).

   1.      **Detention of Goods**

The United States argues that Jacek's claims for detinue (Count I) and wrongful detention (Count II) should be dismissed because the United States has not waived sovereign immunity with respect to those claims. (Mot. Dismiss at 6–9). Jacek argues that the United States has waived sovereign immunity for his claims because his property was seized for the purposes of forfeiture. (Opp'n Def.'s Mot. Dismiss ["Opp'n"] at 5, ECF No. 24). At bottom, the Court agrees with the United States and will dismiss Jacek's claims involving detention of goods.

The FTCA waives the government's sovereign immunity for certain torts committed by federal employees, 28 U.S.C. § 1346(b); FDIC, 510 U.S. at 475, but the waiver is limited by several exceptions. One exception applies to claims arising from "the detention of any goods, merchandise, or other property by any officer of customs . . . or any other law enforcement officer," for which sovereign immunity is not waived. 28 U.S.C. § 2680(c); Kosak v. United States, 465 U.S. 848, 854 (1984). However, § 2680(c) establishes an exception to the detention of goods exception and states that the waiver of sovereign immunity provided in § 1346(b) shall apply to claims that would ordinarily fall under the detention exception if the plaintiff can establish that: (1) the property was seized for the purpose of forfeiture; (2) the interest of the claimant was not forfeited; (3) the interest of the claimant was not remitted or mitigated; and (4) the interest of the claimant was not forfeited under a federal criminal forfeiture law. See 28 U.S.C. §§ 2680(c)(l)–(4) (emphasis added). If a plaintiff establishes that he meets these four conditions, sovereign immunity is waived, and the claim can be brought in federal court.

The Fourth Circuit has held that "so long as the property is seized and detained for a criminal investigative purpose, for which the United States did not waive its sovereign immunity, we are not free to override that immunity even if the property was also seized for a purpose as to which immunity is waived." Myers v. Mayorkas, 67 F.4th 229, 234 (4th Cir. 2023). In short, if the property at issue was seized for a criminal investigative purpose, it does not matter that the property was also seized for purposes of forfeiture. Here, Jacek's property was seized for a criminal investigative purpose. Jacek states in his Complaint that his car was taken into "custody, secured, and held as evidence as part of a traffic stop that

7

resulted in traffic and trespass charges against [him]," and the car was towed "as part of an investigation of these charges." (Compl. ¶¶ 5–6). Jacek also alleges that a search warrant was executed on his car. (Id. ¶¶ 9–10). As such, the forfeiture exception to the detention of goods exception does not apply, and sovereign immunity is not waived for Jacek's detention of goods claims. Jacek's claims for detinue (Count I) and wrongful detention (Count II) must be dismissed for lack of subject matter jurisdiction.

    2.    **Fraud**

The United States also moves to dismiss Jacek's fraud claim (Count III), arguing that it is entitled to sovereign immunity. (Mot. at 9–10). Jacek counters that because this count "is not solely based in deceit or misrepresentation" and concerns "illegal conduct" on the part of law enforcement officers, sovereign immunity is waived. (Opp'n at 7–8). At bottom, the Court agrees with the Government and will dismiss Count III of the Complaint.

Among the exceptions to 28 U.S.C. § 1346(b)'s general waiver of sovereign immunity is § 2680(h), which preserves the government's immunity from "[a]ny claim arising out of . . . misrepresentation [or] deceit[.]" There are no enumerated exceptions to this immunity.

Count III of Jacek's Complaint, which is titled "Fraud" and alleges that APG Officers "knowingly made false statements," falls within this exception. (Compl. at 9). "While the word 'fraud' does not appear in § 2680(h), Maryland courts use the terms 'fraud,' 'deceit,' and 'intentional misrepresentation' interchangeably to describe the same tort." Lewis v. United States, No. DKC 21-2387, 2022 WL 3716544, at *3 (D.Md. Aug. 29, 2022) (citing B.N. v. K.K., 538 A.2d 1175, 1182 (Md. 1988)); Ellerin v. Fairfax Sav., F.S.B., 652 A.2d

8

1117, 1123 (Md. 1995).[3] The FTCA establishes liability "in accordance with" state law, see 28 U.S.C. § 1346(b)(1), so Jacek's fraud claim is the same as a claim for misrepresentation or deceit. The FTCA does not waive sovereign immunity for such claims. See Lewis, 2022 WL 3716544, at *3; see also Gilbert v. ATF, 306 F.Supp.3d 776, 785 (D.Md. 2018).

Jacek's contention that his claim also encompasses "illegal conduct" and "violation of law and policy" does not change this. (Opp'n at 8). Section 2680(h) covers "[a]ny claim arising out of . . . misrepresentation [or] deceit[.]" (emphasis added). Even if the claim also involves an allegation that APG officers failed to provide proper notice to Jacek about his car's release from impoundment, the claim arises out of the alleged misrepresentation and fraud on the part of the officers. As such, the United States is entitled to sovereign immunity on Jacek's fraud claim (Count III), the Court does not have jurisdiction over the claim, and it must be dismissed.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant the United States' Motion to Dismiss (ECF No. 23). A separate Order follows.

Entered this 20th day of December, 2024.

                                        /s/
                                  George L. Russell, III
                                  Chief United States District Judge

---

[3] Effective December 14, 2022, the Court of Appeals of Maryland was renamed the Supreme Court of Maryland.